UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| BEACH FRONT VILLAS, LLC, A HAWAII LIMITED LIABILITY COMPANY; | CIV. NO. 18-00457 LEK-RLP |
| Plaintiff, | |
| vs. | |
| JENNIFER ROGERS, AN INDIVIDUAL, | |
| Defendant. | |

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

Before the Court is Plaintiff Beach Front Villas, LLC's ("Plaintiff") Motion to Remand ("Motion"), filed on December 11, 2018. [Dkt. nos. 9 (Motion), 10 (Mem. in Supp. of Motion).] Defendant Jennifer Rogers ("Defendant") filed her memorandum in opposition on January 17, 2019, and Plaintiff filed its reply on January 25, 2019. [Dkt. nos. 14, 15.] This matter came on for hearing on February 8, 2019. Plaintiff's Motion is hereby denied for the reasons set forth below.

## BACKGROUND

On November 20, 2018, Defendant removed the instant action to this district court based on 28 U.S.C. §§ 1441(a) and 1446. [Notice of Removal of Civil Action ("Notice of Removal") (dkt. no. 1), at 2.] Defendant alleged jurisdiction in this district court was proper pursuant to 28 U.S.C. §§ 1331 and

1338(a) "since Plaintiff is seeking damages purportedly arising
from and related to Defendant's breach of contract and unjust
enrichment and Defendant alleges copyright infringements by
Plaintiff" pursuant to 17 U.S.C. §§ 101, *et seq.* ("Copyright
Act"). [Id.] Plaintiff originally filed its complaint in the
Circuit Court of the Second Circuit, State of Hawai`i ("state
court"), on October 31, 2018. [Notice of Removal, Decl. of
Alan K. Akao, Exh. A (Complaint).]

  According to the Complaint, Plaintiff is a Hawai`i
limited liability company doing business in the County of Maui,
Hawai`i. [Complaint at ¶ 1.] Defendant is an individual
residing and doing business in the County of Maui under the name
A Place in Time Photography. [Id. at ¶ 3.] In January 2018,
Plaintiff and Defendant entered into an Architectural Photograph
Release ("Agreement") to have Defendant photograph/film
Plaintiff's beachfront vacation home in Kihei, Hawai`i
("Property").[1] [Id. at ¶ 8.] As part of the Agreement,
Plaintiff retained "the unlimited use for photograph and/or
video production photographs" of the Property for Plaintiff's
business and personal use. [Id. at ¶¶ 8-9.] The Agreement
provides in relevant part, that "[d]igital negative and previews

---

[1] Plaintiff attached the Agreement as Exhibit "A" to the
Complaint. The Agreement identifies the parties as "Rogers/A
Place in Time Photography" as the "Photographer" and "Dave
Richardson & Chelsea Dimin – Listing Agents" as the "Client."
[Agreement at ¶ 1.]

remain under exclusive copyright of Jennifer Rogers/A Place in Time Photography for the life of the image/video file." [Agreement at ¶ 4.] If Plaintiff wished to use any of the photographs or video in a manner not detailed within the Agreement, it was required to obtain Defendant's written authorization prior to use. [Id. at ¶ 7.] The Agreement also contains a "NOTICE OF COPYRIGHT" stating that it is illegal to copy, distribute, or reproduce any of the photographs in a manner not detailed in the Agreement, or to share the photographs with unauthorized parties without Defendant's permission. [Id. at ¶ 8.] Plaintiff alleges Defendant withheld photographs and authorization of Plaintiff's use of the photographs and demanded additional payment in breach of the Agreement. [Complaint at ¶ 10.] As a result, Plaintiff brought the instant suit for the following claims: breach of contract ("Count I") and unjust enrichment ("Count II"). [Id. at ¶¶ 16-21.]

Defendant filed its answer to the Complaint and counterclaim against Plaintiff ("Counterclaim") in state court on November 20, 2018. See Reply, Decl. of Paul Peters ("Peters Decl."), Exh. 2 at 5-13 (Counterclaim).[2] Defendant's

---

[2] Plaintiff's Exhibit 2 is a nonconsecutively paginated document. All references made to page numbers are based on this district court's electronic numbering system.

Counterclaim expands on Plaintiff's factual allegations surrounding the Agreement. Defendant alleges that, on January 4, 2018, Mr. Richardson and Chelsea Dimin, listing agents with "Hawaii Life Real Estate Brokers," – not Plaintiff - executed the Agreement.[3] [Id. at ¶¶ 9, 10.] The photo shoot of the Property took place on January 17 and 18, 2018. On the second day, Gal Cohen, attended the photo shoot and requested copies of Defendant's photographs for his personal use.[4] Defendant offered to sell Mr. Cohen a license for the use of the photographs, but Mr. Cohen declined. [Id. at ¶ 12.]

On January 20, 2018, Defendant released the photographs to Mr. Richardson and Ms. Dimin, along with a copy of the "invoice, copyright release and contract."[5] [Id. at ¶ 13.] Defendant provided Mr. Richardson and Ms. Dimin with a link to the website gallery of Defendant's work, which Defendant authorized to be shared with Mr. Cohen so he could view the quality of Defendant's photographs. However, when Mr. Cohen

---

[3] The parties appear to disagree as to whether Mr. Richardson and Ms. Dimin were acting on behalf of Plaintiff when entering into the Agreement with Defendant.

[4] According to Defendant, Gal Cohen is the owner of the Property and an agent of Beach Front Villas, LLC. [Counterclaim at ¶ 12.]

[5] Defendant appears to use the general term "copyright release and contract" but later refers to a "Architectural Photography Contract and Release," which appears to be the same document as the Agreement identified in Plaintiff's Complaint. Compare Counterclaim at ¶¶ 13, 32, with Complaint, Exh. A.

attempted to access the photographs through the website gallery link, Defendant notified Mr. Richardson and Ms. Dimin that Mr. Cohen was unauthorized to retrieve any of the electronic files of the photographs. [Id.] Mr. Richardson and Mr. Cohen then instructed Defendant to remove the photographs of the Property from her website. [Id. at ¶ 14.] Defendant again attempted to sell the ownership rights to Mr. Cohen, and when Mr. Cohen refused to accept the offer, Defendant submitted an updated invoice to Mr. Cohen reflecting his use of Defendant's photographs. [Id. at ¶¶ 14-15.]

On September 27, 2018, Defendant found the unauthorized use of her photographs of the Property on vacation rental websites such as "Exotic Estates, Luxury Retreat, and VRBO, Home Away, Air B&B, the Knot, as well as in DWELL magazine," posted by Mr. Cohen and Ms. Dimin. [Id. at ¶ 16.] On November 7, 2018, Defendant also found the unauthorized use of three of her photographs on Mr. Cohen's bed and breakfast permit application submitted to the County of Maui. [Id. at ¶ 17.]

Defendant alleges the following counterclaims: breach of contract ("Counterclaim I"); tortious interference with contractual relations based on Plaintiff's interference with Defendant's transaction with Mr. Richardson and Ms. Dimin ("Counterclaim II"); unfair competition ("Counterclaim III");

5

and copyright infringement for the use of Defendant's
photographic works and images ("Counterclaim IV"). [<u>Id.</u> at
pgs. 5-8.]

**STANDARD**

Federal district courts have jurisdiction over all
civil actions "arising under the Constitution, laws, or treaties
of the United States."[6]  28 U.S.C. § 1331.  With regard to "any
civil action arising under any Act of Congress relating to
patents, plant variety protection, copyrights and trademarks,"
the federal district courts have original jurisdiction.  28
U.S.C. § 1338(a).  A defendant may remove a case filed in a
state court to the federal district court pursuant to 28 U.S.C.
§ 1441, if the district court would have otherwise had
jurisdiction.

A party may challenge removal by invoking 28 U.S.C.
§ 1447, which provides the mechanism for the federal district
court to remand a case back to state court if it was wrongfully,
or improperly, removed.  Section 1447(c) provides:

> A motion to remand the case on the basis of any
> defect other than lack of subject matter

---

[6] Alternatively, jurisdiction may also exist where the
amount in controversy exceeds $75,000 exclusive of interest and
costs, and where there is complete diversity between the
parties.  <u>See</u> 28 U.S.C. § 1332(a).  In this action, the parties
are not diverse.  <u>See, e.g.</u>, Complaint at ¶ 2 ("Plaintiff is a
Hawaii limited liability company"); Peters Decl., Exh. 2 at
pg. 2, ¶ 4 (Defendant's answer to Complaint admitting that
Defendant is a resident of the Count of Maui).

jurisdiction must be made within 30 days after
the filing of the notice of removal under section
1446(a). If at any time before final judgment it
appears that the district court lacks subject
matter jurisdiction, the case shall be remanded.
An order remanding the case may require payment
of just costs and any actual expenses, including
attorney fees, incurred as a result of the
removal. A certified copy of the order of remand
shall be mailed by the clerk to the clerk of the
State court. The State court may thereupon
proceed with such case.

"A plaintiff who contests the existence of removal

jurisdiction may file a motion to remand, . . . [which is] the

functional equivalent of a defendant's motion to dismiss for

lack of subject-matter jurisdiction under [Fed. R. Civ.

P.] 12(b)(1)." Leite v. Crane Co., 749 F.3d 1117, 1122 (9th

Cir. 2014).[7] A party challenging the propriety of removal can

make either a "facial attack" or "factual attack" in support of

their arguments to remand a case back to state court. Id. at

1121-22. The district court treats a facial attack as it would

a motion to dismiss under a Rule 12(b)(6) standard, by

_____

[7] In Leite, the Ninth Circuit addressed whether removal was
appropriate based on the defendant's assertion that 28 U.S.C.
§ 1442(a)(1), pertaining to suits against federal officers,
presented federal question jurisdiction. 749 F.3d at 1120-21.
The plaintiffs-appellants raised the question of whether a
defendant is only required to allege the necessary facts in
support of federal question jurisdiction, or if he is required
to prove those facts before proceeding in federal court; and, if
so, was the district court required to "resolve evidentiary
challenges before deciding whether removal jurisdiction exists?"
Id. at 1121. In reaching its conclusion, the Ninth Circuit
applied the same analysis used in a motion to dismiss for lack
of subject matter jurisdiction because of the "parallel nature
of the inquiry." Id. at 1122.

"[a]ccepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor" to determine whether the allegations are "sufficient as a legal matter to invoke the court's jurisdiction." <u>Id.</u> at 1121 (citation omitted). A factual attack "contests the truth of the plaintiff's factual allegations, usually introducing evidence outside the pleadings." <u>Id.</u> (internal quotation marks and citation omitted). Generally, the plaintiff bears the burden of "proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met. . . . **With one caveat**, if the existence of jurisdiction turns on disputed factual issues, the district court may resolve those factual disputes itself." <u>Id.</u> at 1121-22 (emphasis added) (internal quotation marks and citations omitted). The exception to this rule is where "the issue of subject-matter jurisdiction is intertwined with an element of the merits of the plaintiff's claim." <u>Id.</u> at 1122 n.3 (citations omitted). The Ninth Circuit has stated:

> The question of jurisdiction and the merits of an action are intertwined where "a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." [<u>Sun Valley Gas, Inc. v. Ernst Enters.</u>, 711 F.2d 138, 139 (9th Cir. 1983)]. <u>See also</u> <u>Thornhill Publ'g Co. v. Gen. Tel. Co.</u>, 594 F.2d 730, 734 (9th Cir. 1979) ("[W]hen a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiffs' substantive

> claim for relief, a motion to dismiss for lack of
> subject matter jurisdiction rather than for
> failure to state a claim is proper only when the
> allegations of the complaint are frivolous.")
> (quotation omitted).

Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039-40 (9th Cir.
2004) (alteration in Safe Air).

## DISCUSSION

## I.    Remand

The gravamen of Plaintiff's argument focuses on two
issues: first, Defendant's removal was improper because the
allegations of copyright infringement lie in Defendant's
Counterclaim and not Plaintiff's Complaint; and second,
Defendant waived her copyright claim by granting Plaintiff a
nonexclusive license.  Although not specified, Plaintiff's first
argument is more akin to a facial attack because it does not
dispute the allegations of Defendant's Counterclaim but
challenges whether it is sufficient to invoke subject matter
jurisdiction.  Plaintiff's second argument is akin to a factual
attack because it disputes the truth of Defendant's copyright
claim.  The Court will address each argument in turn.

### A.    Plaintiff's Facial Attack

Plaintiff's first argument appears to only dispute
whether removal jurisdiction for copyright infringement may be
based on a counterclaim.  The United States Legislature enacted
the Leahy-Smith America Invents Act ("AIA"), Pub. L. No. 112-29,

125 Stat. 284 (2011), which amended 28 U.S.C. §§ 1338 and 1295(a)(1), and added 28 U.S.C. § 1454, which provides in relevant part:

> (a)  In general. – A civil action in which **any party asserts a claim for relief arising under any Act of Congress relating to** patents, plant variety protection, or **copyrights may be removed to the district court** of the United States for the district and division embracing the place where the action is pending.

(Emphases added).  The passage of § 1454 was intended to preserve the cohesiveness of federal court dispositions over federal patent and copyright law.[8]  With the enactment of the AIA and the addition of § 1454, a counterclaim arising under copyright law may serve as the basis for federal subject matter jurisdiction.  See, e.g., Moofly Prods. LLC v. Favila, CASE NO.: CV 13-05866 SJO (PJWx), 2015 WL 12655383, at *2 n.2 (C.D. Cal. July 13, 2015) (noting district court cases that have interpreted § 1454(a) to allow the same) (citing Acorne Prods. LLC v. Tjeknavorian, 33 F. Supp. 3d 175, 182 n.3 (E.D.N.Y. 2014) (collecting cases)); see also Vermont v. MPHJ Tech. Invs., LLC, 803 F.3d 635, 644 (Fed. Cir. 2015).  Thus, Plaintiff's contention that the well-pleaded complaint rule precludes

---

[8] Previously, the United States Supreme Court rejected the theory that a counterclaim alleging copyright infringement could establish federal question jurisdiction.  Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-31 (2002). The addition of § 1454 and the amendments under the AIA have become known as the "Holmes Group fix."  See, e.g., Vermont, 803 F.3d at 643-44 (citations omitted).

Defendant from relying on a copyright claim in the Counterclaim
is rejected.

Still, Defendant's Counterclaim must actually allege
a claim that arises under the Copyright Act, which must be
present at the time of removal.  See Allen v. F.D.I.C., 710 F.3d
978, 984 (9th Cir. 2013).  The mere fact that an action involves
a copyright "does not satisfy federal jurisdiction
requirements."  Vestron, Inc. v. Home Box Office, Inc., 839 F.2d
1380, 1381 (9th Cir. 1988).  To evaluate whether copyright
jurisdiction exists, the Ninth Circuit applies the test set
forth in T.B. Harms Co. v. Eliscu, 339 F.2d 823 (2d Cir. 1964).
JustMed, Inc. v. Byce, 600 F.3d 1118, 1123-24 (9th Cir. 2010).
Under T.B. Harms, federal question jurisdiction exists where:
"(1) the complaint asks for a remedy expressly granted by the
Copyright Act; (2) the complaint requires an interpretation of
the Copyright Act; or (3) federal principles should control the
claims."  JustMed, 600 F.3d at 1124 (internal quotation marks
and citation omitted).

Treating the factual allegations on the face of
Defendant's Counterclaim as true, see Leite, 749 F.3d at 1121,
Defendant appears to have pled a claim arising under the
Copyright Act.  First, Defendant's claims seek remedies
expressly granted by the Copyright Act, *i.e.*, an injunction
restraining Plaintiff's further use of the copyrighted material;

impounding of the "infringing publications"; statutory damages; and attorneys' fees.  See 17 U.S.C. §§ 502 to 505; Counterclaim at ¶¶ 38, 40, 41.  Second, Defendant's Counterclaim requires an application of the Copyright Act to determine whether an infringement has occurred.  See, e.g., Topolos v. Caldewey, 698 F.2d 991, 994-95 (9th Cir. 1983).  Plaintiff appears to argue that ownership of the photographs is the principal question and therefore Defendant's copyright claim is merely a contract claim.  [Reply at 7.]  But Defendant's claims turn on both the threshold determination of ownership rights, as well as an analysis of whether Plaintiff has infringed upon Defendant's copyrighted material by using Defendant's photographs. Moreover, Defendant filed her Counterclaim with her answer in state court on November 20, 2018, the same day that she filed the Notice of Removal.  See Allen, 710 F.3d at 984 ("federal jurisdiction is determined at the time of removal, not after a case has been removed" (citations omitted)).[9]

Because Defendant has alleged a claim for copyright infringement, the Court denies the Motion as to Plaintiff's

---

[9] Defendant did not include her November 20, 2018 state court answer and Counterclaim with her Notice of Removal.  See, e.g., § 1446(b)(3).  To the extent Defendant should have done so, this is a procedural defect that Plaintiff does not allege is a basis for remand.

argument that federal question jurisdiction does not exist based on the face of Defendant's Counterclaim.

## B. **Plaintiff's Factual Attack**

In its Reply, Plaintiff asserts that, even if federal question jurisdiction may arise from the Counterclaim, Defendant previously waived her right to bring a copyright claim because the Agreement granted Plaintiff a nonexclusive license to use Defendant's photographs. Although Plaintiff does not refer to materials outside of the pleadings,[10] Plaintiff has generally "dispute[d] the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." See Safe Air, 373 F.3d at 1039. Plaintiff also argues Defendant's copyright claim is fraudulent and made only to invoke federal jurisdiction.

Ordinarily, once the moving party has made a factual challenge, "the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Id. (internal quotation marks and citation omitted). Because these arguments

---

[10] Plaintiff's waiver argument is based on Sections of the Agreement, which is attached to Plaintiff's Complaint, and forms the basis of Plaintiff's breach of contract claim. [Complaint at ¶¶ 15-18, Exh. A.] Insofar as the Ninth Circuit has recognized that a motion brought under Fed. R. Civ. P. 12(b)(6) need not be converted into a motion for summary judgment under Rule 56 where the parties rely upon a document that is incorporated into the complaint, see Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 1002-03 (9th Cir. 2018), this Court construes the Agreement as a part of the pleadings.

were raised for the first time in Plaintiff's Reply and Defendant did not move for leave to file a sur-reply, Defendant has not submitted any materials to rebut Plaintiff's contention. The Court concludes however that additional materials are not necessary in this circumstance. Plaintiff's waiver argument is primarily based on the Agreement, and Defendant's declaration and exhibits attached to her memorandum in opposition are sufficient for this Court to rule on this issue for the narrow purpose of Plaintiff's Motion. <u>See</u> Mem. in Opp., Decl. of Terrance M. Revere, Exh. 1 (Defendant's 10/10/18 letter to Plaintiff).

When faced with a factual attack under Rule 12(b)(1), the Ninth Circuit has cautioned against jurisdictional dismissal of a case based on federal question jurisdiction. <u>See</u> <u>Safe Air</u>, 373 F.3d at 1039. Further, a "[j]urisdictional finding of genuinely disputed facts is inappropriate when the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of an action." <u>Id.</u> (alteration in original) (internal quotations and citations omitted). Jurisdiction is "so intertwined" with the merits of an action when a statute provides the basis for "both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." <u>Id.</u> (internal

14

quotation marks and citation omitted).  Under these
circumstances, the court "may dismiss a federal question claim
for lack of subject matter jurisdiction only if: (1) 'the
alleged claim under the Constitution or federal statutes clearly
appears to be immaterial and made solely for the purpose of
obtaining jurisdiction'; or (2) 'such a claim is wholly
insubstantial and frivolous.'"  Leeson v. Transamerica
Disability Income Plan, 671 F.3d 969, 975 (9th Cir. 2012)
(quoting Bell v. Hood, 327 U.S. 678, 682-83, 66 S. Ct. 773, 90
L. Ed. 939 (1946)).

Here, 17 U.S.C. § 101, *et seq.*, provides both
Defendant's substantive claim for relief, as well as federal
subject matter jurisdiction over Defendant's claim.  Plaintiff's
waiver argument goes to the merits of Defendant's copyright
infringement claim, and would altogether destroy it if this
Court were to agree with Plaintiff's broad interpretation of the
Agreement and the type of license Defendant intended to grant to
Plaintiff.[11]  Under a Rule 12(b)(1) standard, it would be
improper to remand the case based on Plaintiff's affirmative
defense.  See Bell, 327 U.S. at 682 ("it is well settled that

---

[11] In order to prove copyright infringement, "a plaintiff
must demonstrate (1) ownership of the allegedly infringed work
and (2) copying of the protected elements of the work by the
defendant." Unicolors, Inc. v. Urban Outfitters, Inc., 853 F.3d
980, 984 (9th Cir. 2017) (citation omitted).  Plaintiff's waiver
argument essentially contests whether Defendant retained its
ownership rights.

the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction"). Moreover, Plaintiff has not established that Defendant's copyright claim is immaterial and made solely to obtain federal jurisdiction, or that it is frivolous or wholly insubstantial at this stage. The Court therefore denies the Motion as to Plaintiff's factual attack. The denial of the Motion does not preclude Plaintiff from filing a similar argument in a later motion that is more appropriate, such as a motion for summary judgment.

## II. **Supplemental Jurisdiction**

To the extent Plaintiff and Defendant have alleged claims arising under state law that do not implicate federal law,[12] this Court has supplemental jurisdiction over those claims because the claims arise out of the same nucleus of operative fact. See § 1367(a) ("the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution"); § 1454(d)(1) ("If a civil action is removed solely under [§

---

[12] This Court reserves ruling on whether the state law claims alleged by Plaintiff and Defendant are preempted by federal law, as the focus of the Motion is whether Defendant's copyright counterclaim properly establishes federal question jurisdiction.

1454], the district court . . . shall remand all claims that are
neither a basis for removal under subsection (a) nor within the
original or supplemental jurisdiction of the district court
under any Act of Congress"); see also Bahrampour v. Lampert, 356
F.3d 969, 978 (9th Cir. 2004) ("A state law claim is part of the
same case or controversy when it shares a common nucleus of
operative fact with the federal claims and the state and federal
claims would normally be tried together." (internal quotation
marks and citation omitted)).  Moreover, this Court has pendent
jurisdiction over the state law claims for unjust enrichment
pursuant to § 1338(b), which provides, in pertinent part: "The
district courts shall have original jurisdiction of any civil
action asserting a claim of unfair competition when joined with
a substantial and related claim under the copyright . . . laws."

<u>**CONCLUSION**</u>

On the basis of the foregoing, Plaintiff's Motion to Remand, filed December 11, 2018, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, March 15, 2019.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

<u>**BEACH FRONT VILLAS, LLC VS. JENNIFER ROGERS; CV 18-00457 LEK-RLP; ORDER DENYING PLAINTIFF'S MOTION TO REMAND**</u>