REVERE & ASSOCIATES
A Limited Liability Law Company

TERRANCE M. REVERE          5857
PAUL V.K. SMITH             5891
Pali Palms Plaza
970 North Kalaheo Street, Suite A301
Kailua, Hawaii 96734
Telephone No: (808) 791-9550
Facsimile No: (808) 791-9551
terry@revereandassociates.com

Attorney for Defendant-Counterclaimant
JENNIFER ROGERS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BEACH FRONT VILLAS, LLC<br>A Hawaii limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>JENNIFER ROGERS, individual,<br><br>Defendant. | CIVIL NO. 1:18-cv-00457-LEK-RLP<br><br>DEFENDANT/COUNTER-<br>CLAIMANT JENNIFER ROGERS'<br>THIRD PARTY COMPLAINT;<br>SUMMONS<br><br><br>TRIAL DATE: March 30, 2020 |
| JENNIFER ROGERS, individual,<br><br>Counterclaimant,<br><br>vs.<br><br>BEACH FRONT VILLAS, LLC<br>A Hawaii limited liability company, | |

|  |
|---|
| Counterclaim Defendant. |
| JENNIFER ROGERS, individual, |
| Third-Party Plaintiff, |
| DAVID RICHARDSON, CHELSEA DIMIN, CBIP, INC. dba COLDWELL BANKER ISLAND PROPERTIES, and GAL COHEN |
| Third-Party Defendants. |

## DEFENDANT/COUNTERCLAIMANT JENNIFER ROGERS' THIRD PARTY COMPLAINT

Defendant-Counterclaimant JENNIFER ROGERS, by and through her attorneys, Revere & Associates, LLLC, pursuant to Federal Rules of Civil Procedure ("FRCP") Rules 14(a) and 18(a), hereby files her Third-Party Complaint ("TPC") and states as follows:

**I.   PARTIES**

1) Third Party Plaintiff JENNIFER ROGERS (hereinafter "Rogers") is and has been at all relevant times a resident of the County of Maui, State of Hawaii.

2) Upon information and belief, Third Party Defendant David Richardson, (hereinafter "Richardson") is a resident of the County of Maui, State of Hawaii.

3) Upon information and belief, Third Party Defendant, Chelsea Dimin (hereinafter "Dimin") is a resident of the County of Maui, State of Hawaii, and an

agent or broker employed by Defendant CBIP, Inc. dba Coldwell Banker Island Properties.

4) Upon information and belief, Third Party Defendant Gal Cohen, (hereinafter "Cohen") is a resident of the County of Maui, State of Hawaii.

5) Upon information and belief, Third Party Defendant CBIP, Inc. dba Coldwell Banker Island Properties (hereinafter "Coldwell Banker") is a resident of the County of Maui, State of Hawaii.

## II. JURISDICTION AND VENUE

6) Jurisdiction is proper in the United States District Court for the District of Hawaii under 28 U.S.C. § 1331 and § 1338(a); and under the federal Copyright Act 17 U.S.C.A. §§ 101 et seq, and 28 U.S. C. § 1454.

7) Venue is also proper in the United States District Court for the District of Hawaii under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400.

8) This Court also has jurisdiction and venue over the above Third Party Plaintiff's breach of contract claims under Hawai`i Revised Statutes § 604-5, as the contract, transactions and tortious conduct alleged herein arise within this state.

## III. FACTUAL ALLEGATIONS

9) Rogers is the owner and photographer for A Place in Time Photography, a business located in Kihei, Maui, Hawaii.

10) On January 4, 2018, the office of Dave Richardson ("Richardson"), listing agent for Hawaii Life Real Estate Brokers requested a quote for a photo shoot at 860 South Kihei Road from Rogers. On January 5, 2018, a quote was approved and a photo shoot was scheduled for January 17, 2018.

11) On January 12, 2018, Rogers received the executed contract for the 860 South photo shoot. Thereafter, on that same day a revised invoice was sent adding Chelsea Dimin ("Dimin"), listing agent, as the co-listor of the 860 South Kihei property per Richardson's request.

12) On information and belief, all of the actions undertaken by Dimin were in the course and scope of her employment and/or agency with Coldwell Banker.

13) On January 17, 2018, Rogers met with agent Dimin at the 860 South Kihei property for the scheduled photo shoot. Also present was the property designer, who requested copies of the photographs taken to be used for their personal promotion. Rogers offered to sell the designer a license for her work, which was previously purchased by listing agents, Richardson and Dimin, but the designer refused. Dimin was present for the shoot and conversation with the designer.

14) On January 18, 2018, Rogers returned for the twilight photo shoot of the property. Present at the photo shoot was Dimin and the owner of the 860 South

Kihei property and agent of Beach Front Villas, Gal Cohen ("Cohen"). Cohen requested copies of the photographs taken to be used for his personal use. Rogers offered to sell Cohen a license for her work, which was previously purchased by listing agents, Richardson and Dimin, but Cohen refused. Dimin was present for the shoot and conversation with Cohen.

15) On January 20, 2018, the final product from the photo shoots was provided to listing agents, Richardson and Dimin, along with copies of invoice, copyright release and contract. Additionally, a link to the website gallery was provided to Richardson and Dimin, to be shared with Cohen, so that he would be able to see the quality of Plaintiff's work but was not a license for the use or distribution of said photographs. Later that day, Cohen tried to access the electronic files which contained Rogers' photographs. Thereafter, Rogers sent an email to listing agents, Richardson and Dimin, informing them that Cohen had attempted to retrieve the electronic files, which he was unauthorized to do so.

16) On January 21, 2018, Rogers received a call from Richardson in which Richardson informed Plaintiff that Cohen had demanded that the photographs taken at the 860 South Kihei property that was uploaded to Rogers' site be removed. Rogers sent Richardson a follow up email to this conversation explaining the copyright and ownership of said photographs. An offer was made to Cohen to sell complete ownership of the photographs and electronic files for

$3500. Thereafter, Cohen responded by email to Plaintiff in which he re-stated his demands and refused the offer.

17) On January 22, 2018, Rogers provided an updated invoice to Richardson reflecting the change of the use of licensing per Cohen's request. Thereafter, Richardson's office refused to pay for the updated invoice and communicate further, stating that all communications should be with Cohen.

18) On September 27, 2018, Rogers found the unauthorized use of her photographs taken at the 860 South Kihei property on vacation rental websites, Exotic Estates, Luxury Retreat, and VRBO, Home Away, Air B&B, the Knot, as well as in DWELL magazine, posted by Cohen and Dimin. Rogers immediately called Dimin to inform her that an email and invoice would be forthcoming for the use of the photographs. Dimin alleges that she had no further contact with Cohen and that Plaintiff should contact him directly regarding this matter. Rogers forwarded the email with the request, along with a copy of the original contract and copyright release, and PayPal invoice with instructions for payment to Cohen.

19) On November 7, 2018, Rogers found unauthorized use of 3 of her photographs on Cohen's Bed and Breakfast Permit Application submitted to the County of Maui.

20) Rogers has not received payment for the use of the authorized photographs.

## COUNT I
## (BREACH OF CONTRACT)

21) Third Party Plaintiff Rogers incorporates all the foregoing allegations as if set forth fully herein.

22) Rogers holds all rights, title and interest in the copyrights to the photographic works at issue, the use of which has not been licensed beyond the scope of the Architectural Photography Contract and Release.

23) Every contract contains an implied covenant of good faith and fair dealing that neither party will do anything that will deprive the other of the benefits of the agreement.

24) Third Party Defendants owed Rogers a duty of good faith and fair dealing in keeping consistent with the expectations and obligations of the contract including payment for services rendered.

25) Third Party Defendants breached those duties.

26) As a direct, proximate and foreseeable result of the Third Party Defendants breach of the contract, Rogers suffered and continues to suffer damages and request compensatory damages, as well as attorneys' fees and costs.

## COUNT II
## (TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS)

27) Third Party Plaintiff Rogers incorporates all the foregoing allegations as if set forth fully herein.

28) Third Party Defendants were aware of the services being provided pursuant to the Architectural Photography Contract and Release between Rogers and agents Richardson and Dimin. Nevertheless, and despite Third Party Defendants knowledge of these services, Third Party Defendants tortuously interfered with the contractual relations between Rogers and agents Richardson and Dimin and encouraged agents Richardson and Dimin to breach its contract with Rogers.

## COUNT III
## (UNFAIR COMPETITION)

29) Third Party Plaintiff Rogers incorporates all the foregoing allegations as if set forth fully herein.

30) The real estate industry in Hawaii is highly competitive.

31) Third Party Defendants gained an unfair advantage over competing real estate companies in Hawaii by contracting for photography services and then stiffing photographers like Rogers for services rendered.

32) Rogers is a person that has been damaged by Third Party Defendants' unfair conduct and unfair competition in violation of HRS Chapter 480.

## COUNT IV
## (COPYRIGHT INFRINGEMENTS)

33) Third Party Plaintiff Rogers incorporates all the foregoing allegations as if set forth fully herein.

34) Rogers holds all rights, title and interest in the copyrights to the photographic works at issue, the use of which has not been licensed beyond the scope of the Architectural Photography Contract and Release. The effective registration date with the Register of Copyrights was September 29, 2018 for a Certificate of Copyright for a group of 53 photographic images. The Certificate was issued by the Register of Copyright and bears Registration No. VA 2-125-610.

35) Third Party Defendants have misappropriated Rogers' copyrighted photographic works with knowledge that the photographic works at issue did not belong to Third Party Defendants beyond the scope of the use described in the Architectural Photography Contract and Release.

36) Despite clarification and offer to provide the authorized use of such photographic works to Third Party Defendants for a reasonable sum, Third Party Defendants have not agreed to the terms of use nor provided payment for the unauthorized use of the photographic works.

37) Third Party Defendants' acts thus constitute willful copyright infringement under the United States Copyright Act, 17 U.S.C. §§ 101 et. seq.

38) Third Party Defendants' unlawful use of copies of Rogers' original photographic works has diminished the value of the original photographic works by distributing and encouraging redistribution of the photographic works without

identifying the photographic works as being the property of Third Party Plaintiff Rogers.

39) Third Party Defendants' unlawful acts have been and are interfering with and undermining Rogers ability to market Rogers' own original photographic works, thereby impairing the value and prejudicing the sale by Rogers of her own photographic works.

40) Rogers is entitled to a preliminary and permanent injunction restraining Third Party Defendants from engaging in further acts of copyright infringement.

41) Third Party Defendants, by their unauthorized appropriation and use of Rogers' original photographic works, have been and are engaging in acts of unfair competition, unlawful appropriation, unjust enrichment, wrongful deception of the purchasing public, and unlawful trading on Third Party Plaintiff Rogers' goodwill and the public acceptance of Rogers' original photographic works.

42) Because Third Party Defendants' used the photographic works at issue without proper license or authorization, infringing the exclusive rights of Rogers, Third Party Plaintiff Rogers is entitled to have the infringing publications and advertisements and any improperly acquired likenesses or photographic works, however stored or recorded, impounded while this action is pending.

43) As a direct, proximate and foreseeable result of the Third Party Defendants' wrongful acts, Rogers suffered and continues to suffer damages and request compensatory damages, as well as attorneys' fees and costs.

Rogers is entitled to elect to recover from Third Party Defendants statutory damages for each of their past and/or continuing willful violations of Rogers' copyrights.

## PRAYER FOR RELIEF

WHEREFORE, Third Party Plaintiff JENNIFER ROGERS prays for judgment against Third Party Defendants, jointly and severally, as follows:

A. For preliminary and permanent injunctive relief to prevent Third Party Defendants from engaging in any further acts of copyright infringement, including enjoining Third Party Defendants from publishing, selling, marketing or otherwise using the subject photographs;

B. Third Party Defendants be required to pay to Plaintiff such damages as Plaintiff has sustained in consequence of Third Party Defendants' infringement of Plaintiff's copyright and Third Party Defendant's unfair trade practices and unfair competition and account for (1) all gains, profits and advantages derived by Third Party Defendants through infringement of Plaintiff's copyright, or (2) such damages as the court shall deem proper within the provisions of the copyright statutes;

C.  Third Party Defendants be required to deliver to be impounded during the pendency of the action all copies of the subject photographic images in their possession or under their control;

D.  General, special, treble, and consequential damages in an amount to be proven at trial;

E.  Reasonable attorneys' fees;

F.  For such other and further relief as the Court may deem just and proper.

DATED: Honolulu, Hawai`i, May 20, 2019.

/s/Terrance M. Revere
TERRANCE M. REVERE
ALAN K. AKAO
Attorneys for Third Party Plaintiff
JENNIFER ROGERS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BEACH FRONT VILLAS, LLC<br>A Hawaii limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>JENNIFER ROGERS, individual,<br><br>Defendant. | CIVIL NO. 1:18-cv-00457-LEK-RLP<br><br>CERTIFICATE OF SERVICE<br><br><br><br>TRIAL DATE: March 30, 2020 |
| JENNIFER ROGERS, individual,<br><br>Counterclaimant,<br><br>vs.<br><br>BEACH FRONT VILLAS, LLC<br>A Hawaii limited liability company,<br><br>Counterclaim Defendant.<br><br>JENNIFER ROGERS, individual,<br><br>Third-Party Plaintiff,<br><br>DAVID RICHARDSON, CHELSEA DIMIN, CBIP, INC. dba COLDWELL BANKER ISLAND PROPERTIES, and GAL COHEN<br><br>Third-Party Defendants. | |

**CERTFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document, in the above-entitled action, was served upon the below listed parties via First Class U.S. Mail, postage prepaid, at their last known addresses listed below:

>PAUL HOWARD PETERS, ESQ.
>P.O. Box 790826
>Paia, HI 96779
>
>>Attorney for Plaintiff-Counterclaim Defendant
>>BEACH FRONT VILLAS, LLC

DATED: Honolulu, Hawai`i, May 20, 2019.

>/s/Terrance M. Revere
>TERRANCE M. REVERE
>PAUL V.K. SMITH
>
>Attorneys for Third Party Plaintiff
>JENNIFER ROGERS