UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| BEACH FRONT VILLAS, LLC, A HAWAII LIMITED LIABILITY COMPANY;<br><br>      Plaintiff,<br><br>  vs.<br><br>JENNIFER ROGERS, AN INDIVIDUAL,<br><br>      Defendant.<br>_____<br>JENNIFER ROGERS, AN INDIVIDUAL,<br><br>  vs.<br><br>DAVID RICHARDSON, CHELSEA DIMIN, CBIP, INC. dba COLDWELL BANKER ISLAND PROPERTIES, and GAL COHEN,<br><br>      Third-Party Defendants. | CIV. NO. 18-00457 LEK |

**ORDER GRANTING THIRD-PARTY DEFENDANT/CROSSCLAIM PLAINTIFF DAVID RICHARDSON'S MOTION TO DISMISS**

Before the Court is Third-Party Defendant/Crossclaim Defendant/Crossclaimant David Richardson's ("Richardson") Motion to Dismiss Defendant-Counterclaimant-Third Party Plaintiff Jennifer Rogers' Third Party Complaint Filed May 20, 2019 [ECF 30] ("Motion"), filed on March 19, 2020. [Dkt. no. 54.] Defendant/Counterclaimant/Third-Party Plaintiff/Crossclaim

Defendant Jennifer Rogers ("Rogers") filed her memorandum in opposition on April 9, 2020, and Richardson filed his reply on April 22, 2020.  [Dkt. nos. 56, 61.]  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules").  Richardson's Motion is hereby granted for the reasons set forth below.

## BACKGROUND

I.  **Factual Background**

Rogers is a photographer and does business under the name A Place in Time Photography, in Kihei, Maui, Hawai`i.  [Third Party Complaint, filed 5/20/19 (dkt. no. 30), at ¶ 9.]  Rogers alleges Richardson, a real estate agent, contracted with Rogers for Rogers to take photographs of real property located on Maui ("the Property") on January 17 and 18, 2018.  [Id. at ¶¶ 10-11.]  Third-Party Defendant/Crossclaimant Chelsea Dimin ("Dimin")was also involved as the co-listor of the Property.  [Id. at ¶ 11.]

After Rogers delivered the photographs on January 20, 2018, a dispute arose regarding the extent to which Third-Party Defendant Gal Cohen ("Cohen"), the apparent beneficial owner of the Property, and Rogers could use the photographs.  See id. at ¶¶ 14-16.  Rogers made an offer "to Cohen to sell complete

2

ownership of the photographs and electronic files for $3500." [Id. at ¶ 16.] "Cohen responded by email to [Rogers] in which he re-stated his demands [that Rogers remove the photographs of the Property from her website] and refused the offer." [Id.] Rogers attempted to invoice Richardson, but Richardson informed Rogers that all communication should be directed to Cohen. Months later, upon discovering the photos she took of the Property on vacation rental websites, Rogers contacted Dimin, but Dimin also told Rogers that all communication should be with Cohen. Rogers also alleges Cohen used the photos she took of the Property in his Bed and Breakfast Permit Application with the County of Maui. [Id. at ¶¶ 17-19.]

## II. Procedural Background

On October 31, 2018, Plaintiff Beach Front Villas, LLC ("BFV") initiated this action by filing its Complaint in the Circuit Court of the Second Circuit, State of Hawai`i ("state court"). [Notice of Removal of Civil Action ("Notice of Removal"), filed 11/20/18 (dkt. no. 1), Decl. of Counsel, Exh. A (Complaint).]

In the Complaint, BFV alleges that Rogers breached the photography release she executed. [Complaint at ¶¶ 8-10 (citing Complaint, Exh. A (A Place in Time Photography – Architectural Photography Release, dated 1/17/18 and 1/18/18, signed by Rogers ("Release")))].] BFV alleges Rogers "is withholding photographs,

3

authorization, issued threats, restricted use of the photographs and demanded additional consideration such that [she] has breached the terms of the Release such that [BFV] and its agents are precluded from the full use of the photographs for which consideration was received and accepted by [Rogers]." [Id. at ¶ 10.] BFV alleges Rogers is liable for: breach of contract ("Count I"); and unjust enrichment ("Count II"). [Id. at ¶¶ 15-22.]

Rogers removed the instant action to this district court based on 28 U.S.C. §§ 1331, 1338(a), and 1441(a). [Notice of Removal at ¶¶ 3, 5.] Also on November 20, 2018, Rogers filed her answer to the Complaint ("Answer"), which included a counterclaim against BFV ("Counterclaim") in state court. [Pltf.'s Reply Memo in Supp. of Motion to Remand, filed 1/25/19 (dkt. no. 15), Decl., Exh. 2 (Answer).] On May 20, 2019, Rogers filed her Third Party Complaint against Cohen, Richardson, Dimin, and Third-Party Defendant CBIP, Inc., doing business as Coldwell Banker Island Properties ("CBIP", collectively "Third-Party Defendants"). [Dkt. no. 30.] In her Third-Party Complaint, Rogers claims against the Third-Party Defendants: breach of contract ("Third Party Count I"); [Third-Party Complaint at ¶¶ 21-26;] tortious interference with contractual relations ("Third Party Count II"); [id. at ¶¶ 27-28;] unfair competition ("Third Party Count III"); [id. at ¶¶ 29-32;] and

4

copyright infringement ("Third Party Count IV"), [id. at ¶¶ 33-43].

On August 23, 2019, Dimin and CBIP filed their answer to the Third Party Complaint, with a crossclaim against Richardson and Cohen ("Dimin's Crossclaim") and a claim "over and against BFV" ("Dimin's BFV Claim").  [Dkt. no. 36.]  On September 29, 2019, Richardson filed his answer to the Third Party Complaint, along with a crossclaim against BFV, CBIP, Cohen, Dimin, and Rogers ("Richardson Crossclaim").  [Dkt. no. 41.]  On October 20, 2019, Rogers filed her Answer to the Richardson Crossclaim.  [Dkt. no. 42.]  On March 19, 2020, Richardson filed the instant Motion, which has been construed as a motion to strike pursuant to Fed R. Civ. P. 14(a)(4).  [Minute Order, filed 3/27/20 (dkt. no. 55), at 1.]

Richardson argues that the Third-Party Complaint should be stricken pursuant to "Fed. R. Civ. P. 14(a) because it does not allege that Mr. Richardson is liable for all or part of the claims against Rogers in the Complaint."  [Mem. in Supp. of Motion at 3.]

## STANDARD

Rule 14(a)(4) provides that "[a]ny party may move to strike the third-party claim, to sever it, or to try it separately."

> "The decision to allow a third-party defendant to be impleaded under rule 14 is entrusted to the sound discretion of the trial court." United States v. One 1977 Mercedes Benz, 708 F.2d 444, 452 (9th Cir. 1983). When exercising this discretion, "the court should endeavor to effectuate the purpose of Rule 14," 6 Charles A. Wright et al., *Federal Practice & Procedure: Civil 3d* § 1443 at 351 (2010), which is "to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim." Sw. Adm'rs Inc. v. Rozay's Transfer, 791 F.2d 769, 777 (9th Cir. 1986).

Cabalce v. VSE Corp., 914 F. Supp. 2d 1145, 1158 (D. Hawai`i 2012).

## DISCUSSION

### I. The Third-Party Complaint

"A defending party may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Rule 14(a)(1). Therefore,

> a proper third-party claim "may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and the third party's liability is secondary or derivative." Teruya v. Shaw, 2012 WL 3308872, at *3 (D. Haw. Aug. 10, 2012) (quoting Uldricks v. Kapaa 382 LLC, 2007 WL 2694409, at *3 (D. Haw. Sept. 11, 2007)). "The crucial characteristic of a Rule 14 claim is that [a] defendant is attempting to transfer to the third-party defendant the liability asserted against [it] by the original plaintiff." Stewart v. Am. Int'l Oil & Gas Co., 845 F.2d 196, 200 (9th Cir. 1988) (quoting 6 Charles A. Wright et al., *Federal*

6

>           *Practice & Procedure* § 1446 at 157 (1971) (other
>           citation omitted)). In short, "there is no right
>           of contribution where the injured person has no
>           right of action against the third party
>           defendant." Kelly v. Fullwood Foods, Inc., 111
>           F.Supp.2d 712, 715 (D. Md. 2000) (citation
>           omitted).

Cabalce, 914 F. Supp. 2d at 1159 (alterations in Cabalce). "The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough." Stewart v. Am. Int'l Oil & Gas Co., 845 F.2d 196, 200 (9th Cir. 1988) (some citations omitted) (quoting 6, Fed. Prac. & Proc. § 1446 at 257 (1971 ed.)). "It is not sufficient that the third-party claim is a related claim; the claim must be derivatively based on the original plaintiff's claim." One 1977 Mercedes Benz, 708 F.2d at 452. "Impleader is most commonly used for claims against a third party for indemnification, subrogation, breach of warranty, or contribution among joint tortfeasors." Uldricks, 2007 WL 2694409, at *3 (citing Mantic Ashanti's Cause v. Cumming Family Trust, 2007 WL 1558620, at *3 (S.D. Cal. May 25, 2007)).

    The Third-Party Complaint does not seek indemnification, subrogation, contribution, or any other form of derivative or secondary liability from the Third-Party Defendants. Rogers's third party claims are related to the same transaction as BFV's claims, but are not derivative of BFV's claims against Rogers. BFV claims that **it** was injured when,

7

*inter alia*, Rogers breached the contract to take pictures of the Property by withholding the pictures and making threats to not release the pictures; Rogers meanwhile alleges that **she** was injured by the Third-Party Defendants' conduct, not that the Third-Party Defendants are secondarily or derivatively liable for BFV's claims against Rogers. Thus, the Third-Party Complaint does not "attempt[ ] to transfer to [Third-Party Defendants] the liability asserted against [Rogers] by" BFV. See Stewart, 845 F.2d at 200; see also Uldricks, 2007 WL 2694409, at *4-5 (concluding that, although the claims of the third-party plaintiff were based on the same transaction underlying the original plaintiff's complaint, the third-party complaint was not an attempt to transfer the liability for the claims in the original complaint to the third-party defendant, and therefore it improper under Rule 14(a)).

In Third Party Count I, Rogers alleges the Third-Party Defendants "owed Rogers a duty of good faith and fair dealing"; [Third-Party Complaint at ¶ 24;] and they breached those duties, causing Rogers to suffer damages, [id. at ¶¶ 25-26]. The claim that Rogers was injured when the Third-Party Defendants breached their alleged duties of good faith and fair dealing is not derivative of BFV's Count I, its breach of contract claim alleging Rogers was preventing BFV from fully using the photographs of the Property or Count II, BFV's unjust enrichment

8

claim that Rogers kept the payment for her services but has not released the photographs.

In Third Party Count II, Rogers alleges that the "Third Party Defendants tortuously [sic] interfered with the contractual relations between Rogers and agents Richardson and Dimin and encouraged agents Richardson and Dimin to breach its contract with Rogers." [Id. at ¶ 28.] Third Party Count II, although related to the same transaction as the underlying facts alleged in the Complaint, is not derivative of BFV's Counts I or II because Third Party Count II is not an attempt to shift Rogers's potential liability under Counts I or II of the Complaint. See One 1977 Mercedes Benz, 708 F.2d at 452.

In Third Party Count III, Rogers alleges that the "Third Party Defendants gained an unfair advantage over competing real estate companies in Hawaii by contracting for photography services and then stiffing photographers like Rogers for services rendered." [Third-Party Complaint at ¶ 31.] Rogers also alleges she was damaged by the "Third Party Defendants' unfair conduct and unfair competition in violation of HRS Chapter 480." [Id. at ¶ 32.] Rogers's claim that the Third-Party Defendants gained an unfair advantage over competing real estate companies is not derivative of BFV's claims against Rogers for breach of contract or unjust enrichment. See Stewart, 845 F.2d at 200.

9

In Third Party Count IV, Rogers claims that the "Third Party Defendants have misappropriated Rogers' copyrighted photographic works with knowledge that the photographic works at issue did not belong to Third Party Defendants beyond the scope of the use described in the Architectural Photography Contract and Release." [Third-Party Complaint at ¶ 35.] Rogers alleges the "Third Party Defendants' acts thus constitute willful copyright infringement under the United States Copyright Act, 17 U.S.C. §§ 101 et seq." [Id. at ¶ 37.] Although related to the extent that the claims all involve the same set of photographs, Rogers's allegations of copyright infringement in Third Party Count IV are not derivative of Counts I or II of the original Complaint.

For the reasons stated above, none of the claims contained in the Third-Party Complaint allege the Third-Party Defendants are derivatively liable for BFV's claims against Rogers. Therefore, the Motion is hereby granted, and the Third-Party Complaint is stricken pursuant to Rule 14(a)(4).

## II. Other Pleadings and Motions

In addition to Richardson's Crossclaim, Dimin and CBIP also assert a crossclaim against Richardson, Cohen and BFV. On May 27, 2020, Dimin and CBIP filed two motions for partial summary judgment regarding the Third-Party Complaint (collectively "Dimin's Motions for Partial Summary Judgment"),

10

one addressing Third Party Counts I-III, [dkt. no. 62,] and a second addressing Third Party Count IV, [dkt. no. 64]..

A cross-claim may be stated "by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action." Fed. R. Civ. P. 13(g).

> Although courts have reached differing results, the court agrees that "the rule that best reflects the original intent of the cross-claim provision was stated by the court in Murray v. Haverford Hospital Corporation[, 278 F. Supp. 5 (E.D. Penn. 1968)]." 6 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Fed. Prac. & Proc. § 1431 (2d ed.). Specifically, the court agrees that "Rule 13(g) was intended to regulate cross-claims between 'co-parties' and contemplated that such cross-claims should be asserted against parties having like status, such as, codefendants." Id. (quoting Murray, 278 F. Supp. at 6); see also Int'l Paving Sys v. Van-Tulco, Inc., 866 F. Supp. 682, 695 (E.D.N.Y. 1994) (finding that a defendant and a third-party defendant are not "coparties" and that "[t]his interpretation of the term 'co-party' has been regarded as the rule that best reflect[s] the original intent of Rule 13").
>
> The Murray rule best reflects the intent of the Federal Rules of Civil Procedure — a plain reading of the rules does not permit a cross-claim between an original defendant and a third-party defendant. . . . Additionally, the limitations in Rule 14(a)(2)(B) — which permits a third-party defendant to file a cross-claim only against another third-party defendant — further suggest that the rules do not contemplate cross-claims between original defendants and third-party defendants.

11

Nye v. Hilo Med. Ctr., Civil No.09-00220 JMS/KSC, 2010 WL 931926, at *7-8 (D. Hawai`i Mar. 11, 2010) (some alterations in Nye).

Because the Third-Party Complaint has been stricken, Richardson, Dimin, Cohen, and CBIP are no longer third-party defendants, and therefore are no longer coparties for purposes of Rule 13(g). Richardson cannot assert a crossclaim against Rogers because Rogers and Richardson were never coparties, and a third-party defendant cannot assert a crossclaim against the original defendant. See Nye, 2010 WL 931926, at *7-8. Furthermore, the Richardson Crossclaim seeks "indemnity, contribution and subrogation" from the other Third-Party Defendants for the claims against him in the Third-Party Complaint. [Richardson Crossclaim at pg. 3, ¶ C.] The Richardson Crossclaims thus seeks to reallocate his potential liability under the Third-Party Complaint to other parties. However, the underlying claims are no longer pending against the Third-Party Defendants, including Richardson, and therefore there is no potential liability to reallocate among coparties. Because the Third-party Complaint has been stricken, as an exercise of the Court's discretion, the Richardson Crossclaim is also stricken.

Dimin's Crossclaim and claim "over and against BFV" also seek indemnity, subrogation, and/or contribution from

12

Richardson, Cohen, and BFV for the claims asserted in the Third-Party Complaint. [Dimin's Crossclaim at pgs. 4-5; Dimin's BFV Claim at pg. 6.] Therefore, Dimin's Crossclaim and Dimin's BFV Claim are hereby stricken for the same reasons as the Richardson Crossclaim. Dimin's Motions for Partial Summary Judgment are also stricken because the underlying Third-Party Complaint has been stricken. Further, BFV and Cohen's June 1, 2020 joinders in Dimin's Motions for Partial Summary Judgment, [dkt. nos. 67, 68,] are also stricken.

## CONCLUSION

On the basis of the foregoing, Richardson's Motion to Dismiss Defendant-Counterclaimant-Third Party Plaintiff Jennifer Rogers' Third Party Complaint Filed May 20, 2019 [ECF 30], filed March 19, 2020, is HEREBY GRANTED, insofar as Rogers's Third-Party Complaint, filed May 20, 2019, is STRICKEN. The following are also STRICKEN: Dimin's Crossclaim and Dimin's BFV Claim, filed August 23, 2019 ; the Richardson Crossclaim, filed September 29, 2020; Dimin's Motions for Partial Summary Judgment, filed May 27, 2020; and BFV and Cohen's joinders in Dimin's Motions for Partial Summary Judgment, filed June 1, 2020.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, June 15, 2020.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

BEACH FRONT VILLAS, LLC VS. JENNIFER ROGERS, ETC.; CV 18-00457 LEK-WRP; ORDER GRANTING THIRD-PARTY DEFENDANT/CROSSCLAIM DEFENDANT/CROSSCLAIMANT DAVID RICHARDSON'S MOTION TO DISMISS